UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
PAUL STUART SCHROEDER,         :
                               :
     Plaintiff,                :
                               :
v.                             :     Civil No. 3:08CV194(AWT)
                               :
UNITED STATES OF AMERICA,      :
                               :
     Defendant.                :
-------------------------------x
```

**RULING ON MOTION TO DISMISS**

Pro se plaintiff Paul Schroeder("Schroeder") brought this action against the United States of America ("United States"). Pursuant to Fed. R. Civ. P. 12(b)(6), the United States has moved to dismiss this action on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. For the reasons set forth below, the United States' motion is being granted.

**I.   FACTUAL ALLEGATIONS**

The plaintiff alleges that he was exposed to Agent Orange during his service in the Navy during the Vietnam War. He alleges that he suffers from diabetes and other ailments as a result of this exposure. He seeks compensation for pain and suffering.

In support of his allegations, the plaintiff has attached administrative tort claims filed against the Department of Defense on May 22, 2007 and June 14, 2007, in which he alleges

-1-

that he was exposed to Agent Orange during his service in Vietnam; letters dated August 21, 2007 and September 27, 2007 from the Department of the Navy confirming receipt of the plaintiff's claims; an October 5, 2007 letter from the Department of the Navy denying the plaintiff's claim because the Federal Tort Claims Act does not cover claims arising out of one's service on active duty; a November 28, 2007 letter from the Department of Veterans Affairs denying the plaintiff's claim because it did not reveal the existence of any wrongful act by any employee of the agency acting within the scope of his or her employment; a letter notifying the plaintiff that the Department of Veterans Affairs provides treatment and medications for conditions resulting from exposure to Agent Orange; records containing a list of the plaintiff's medications; an article discussing diseases considered to have been caused by Agent Orange exposure; an article discussing high levels of dioxin at a former United States air base in Vietnam; and letters awarding the plaintiff the Connecticut Veterans Wartime Service Medal.

**II. LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations,

a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."

Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (internal citation and quotation marks omitted). See also Boykin v. Keycorp, 521 F.3d. 202, 213-14 (2d Cir. 2008). The court should interpret the plaintiff's complaint to raise the strongest arguments that it suggests. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. DISCUSSION

The court construes the plaintiff's complaint as alleging that he was exposed to Agent Orange during his service in Vietnam as a result of negligence by the United States. However, the plaintiff does not state any factual allegations that could support a claim that the federal government or any agent of the federal government acted negligently. In his opposition to the motion to dismiss, the plaintiff merely states that he has written documentation of proof of his exposure to Agent Orange. Therefore, he has failed to state a claim upon which relief can be granted.

In addition, the Supreme Court has held that "the Government is not liable under the Federal Tort Claims Act for injuries to

servicemen where the injuries arise out of or are in the course of activity incident to service." <u>Feres v. United States</u>, 340 U.S. 135, 146 (1950). In this case, the plaintiff alleges that he was exposed to Agent Orange while serving in the United States Navy during the Vietnam War. Thus, any alleged injuries he suffered were incident to his military service and thus barred by the <u>Feres</u> doctrine. <u>See</u> <u>Matthew v. United States</u>, 452 F.Supp.2d 433, 437 (S.D.N.Y. 2006). For this additional reason, the plaintiff fails to state a claim upon which relief can be granted.

**IV. CONCLUSION**

For the reasons set forth above, the United States of America's Motion to Dismiss (Doc. No. 10) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 11th day of July 2008 at Hartford, Connecticut.

                                       /s/AWT
                             Alvin W. Thompson
                       United States District Judge